# FEDERAL OPINIONS

## No. 695

### WEAVER v. PENNA.-OHIO POWER & LIGHT CO. et.

U. S. Appeals. Sixth Circuit

No. 4305. Decided Feb. 5, 1926.

455. EMINENT DOMAIN—1. Where it is evident that relocation of a road is beneficial to the public, no injunction will be granted to restrain such relocation, even tho private interests secure material gains and benefits thereby.

2. Where bill charges abuse of power of eminent domain, District Court has jurisdiction.

KNAPPEN, C. J.

This cause arose out of an attempted relocation of a county road along the Ohio River, such relocation having been regularly directed by the highway commissioners. The old highway was ordered abandoned because at flood times the Ohio River submerged the road to such an extent that travel thereon became impossible.

Owing to this relocation, certain private interests gained material advantages, so Weaver through whose land this new road was to run brought injunction proceedings in the District Court alleging that the highway commissioners acted, not in the interest of public necessity, welfare or convenience, but for the benefit of private interests only and therefore in the abuse of the power of eminent domain. The defendants question the jurisdiction of the district court in this case. The district court refused the injunction, and the Circuit Court of Appeals held:

1. As the bill charges abuse of the power of eminent domain the District Court had power to entertain bill for injunction.

2. It is very evident, from the evidence introduced, that relocation of this road was highly beneficial to the public at large.

3. In view of the fact that such relocation was beneficial injunction will not be granted even tho private interests also secure material gains and benefits.

Decree of district court affirmed.

Attorneys—Robert M. Hunter and Smith W. Bennett, (Bennett, Westfall & Bennett) all of Columbus for Weaver. U. C. DeFord (Harringtn, DeFord, Huxley & Smith, all of Youngstown, for Penns.-Ohio Co. et.